BLINDERT, Appellant, vs. KREISER, Respondent.

*January 12 — February 2, 1892.*

*Revocable mining license: Interest in land: Lien of judgment: Fraudulent conveyance.*

1. Up to the time that a valuable discovery or prospect has been struck, a parol license to mine is revocable, and hence is not an interest in land and the lien of a judgment does not attach to it as such.

2. The evidence in this case is *held* to support the findings of the trial court that at the time of a sale, by a judgment debtor to his son, of an interest in the ores in a certain crevice or range on the land of a third person, no valuable discovery or prospect had been struck, and that the sale was *bona fide*.

APPEAL from the Circuit Court for *Grant* County.

Action to establish and enforce the lien of a judgment creditor upon an undivided one-third part of the ores and minerals in a certain crevice or range in Grant county. Plaintiff is a judgment creditor of one Jacob Christian Kreiser, father of defendant, by judgment rendered in February, 1886. Plaintiff claims that said Jacob, after the rendition of said judgment, became the owner in fee by discovery of an undivided one-third interest in certain lead ores in or pertaining to a certain range or crevice situated on the lands of one Pluemer, and that he afterwards conveyed such interest to the defendant, his son, with the in-

tent to hinder and defraud the plaintiff in the collection of his judgment. The answer denied Jacob's ownership of any interest in the ore or mining rights, and denied the alleged fraud.

It appeared that several years since a joint discovery of lead ore was made by Frank Pluemer, the owner of the land, his son Adam, and said Jacob, upon the highway adjoining said land. This discovery was upon a north and south range or crevice. Under an oral arrangement with Frank Pluemer, prospecting was begun upon the crevice on Pluemer's land, and several shafts were sunk by the three discoverers, and some drifting done. It is not claimed that ore in paying quantities was found in the first shaft. The circuit judge found that ore was not found in paying quantities in the second shaft. Further findings of the circuit judge were, in effect, that mineral was found in the third shaft, but that the appearance of the ore was bad, the value of the mine or prospect speculative, and that it did not yield sufficient mineral to pay wages; that at this juncture the defendant purchased his father's interest for $10, and thereafter proceeded to work with the other two as partners, and after working some three days the crevice, which was an east and west crevice, became well defined, and mineral was taken out in paying quantities; that in a period of about six weeks thereafter 11,000 pounds of ore were removed, worth $20 per ton, making about $13 a week, which each partner would receive for his labor after deducting rent; that the entire work in this shaft did not yield more than average miners' wages to the partners. The circuit judge further found that after drifting west some distance the partners, on account of bad air, sank another shaft, expecting to strike said drift, but accidentally found another east and west crevice, which developed valuable ore, which was taken out in quantities sufficient to pay considerable more than wages; that the discovery of ore in the last-

named shaft was an independent discovery, and that defendant's interest therein belongs to him as a new discovery, and is not derived from his father; that the transfer by the father to the son was *bona fide*, and not with intent to defraud or delay creditors.

Upon these findings, with others not deemed essential to be stated, the complaint was dismissed, and plaintiff appeals.

For the appellant there was a brief by *Bushnell & Watkins*, and oral argument by *R. M. Watkins*.

*Ed. M. Lowry* and *H. Buchner*, for the respondent.

WINSLOW, J.   If the facts found by the circuit court are sustained by the evidence, this judgment must be affirmed. As we regard the case, the vital findings of fact are two in number: *First*, that the value of the mine or prospect at the time of the sale by Jacob to his son was speculative and uncertain, and that it did not yield enough to pay wages; and, *second*, that the sale from father to son was *bona fide*.

I.   After a careful examination of the evidence, we think that this conclusion of the circuit court is supported by the evidence.   Certainly there is no preponderance against it. The statute provides (sec. 1647, R. S.) that a parol license to mine on lands shall not be revocable "after a valuable discovery or prospect has been struck."   The fact as found in this case is that up to the time Jacob sold out his interest no valuable discovery or prospect had been struck.   It follows that Jacob's interest was at all times during his ownership simply a right to mine under a revocable license. If revocable, it was clearly not an interest in real estate. If not an interest in real estate, the lien of plaintiff's judgment never attached to it, and this action, which is an action to establish and enforce a lien upon land, cannot be maintained.

II. The finding that the sale was *bona fide* becomes practically immaterial, but, in any event, it cannot be disturbed. There is sufficient evidence to support it. It follows that the judgment dismissing the complaint must be affirmed.

*By the Court.*— Judgment affirmed.